## LINDEN ET AL. v. BLACK.

1. AGENT AND AGENCY.

An agent to sell, unless specially authorized, cannot barter or trade, but can only sell for cash.

2. CAUSE OF ACTION.

A promise to take life insurance at some future time and a failure to take it, when no application is made or accepted or policy issued, does not constitute a cause of action.

*Appeal from the County Court of Arapahoe County.*

Mr. C. P. EVANS and Mr. E. E. EDMONDS, for appellants.

Mr. F. S. TESCH, for appellee.

REED, P. J., delivered the opinion of the court.

Appellants were tailors, who made and sold to appellee clothing, which, with some repairing, amounted to $73.00, none of which had been paid. Suit was brought before a justice of the peace; a trial had; judgment for plaintiffs for the amount of the bill. An appeal was taken to the county court; trial had to the court; judgment for the plaintiffs for the amount of the bill ($73.00); motion for a new trial made and sustained; new trial had to the court, with finding and judgment for the defendant, from which an appeal was taken to this court.

No question was made in regard to the correctness of the plaintiff's account. The only question is in regard to the defense, which is one of the most remarkable ever interposed and allowed in a court of justice. The defendant was a druggist's clerk, in no way connected with life or other insurance. One William H. Mastin, a friend of his, was, or claimed to be, a soliciting agent for The Equitable Life Insurance Company. The evidence of defendant, his brother and Mastin was that plaintiffs had agreed, each, to take of the Insurance Company, through Mastin, a life policy of $3,000, the first payment on one of which would be $87.60, on the other $93.30, aggregating $180, the payment, or the greater part of it, to be paid in clothing to Mastin and defendant; that thereupon defendant ordered and received goods for himself and brother to the amount of the bill ($73.00). Mastin got goods to the value of $68.00. Mastin testified: " *The clothes which were to be taken as pay for the first year's premiums were to be taken by myself, John Black and Will Black.*" Sometime after the delivery of the goods, Mastin presented applications for plaintiffs to sign to obtain policies of insurance. They declined to sign applications, or take insurance;

presented their bill to defendant, who refused to pay because plaintiffs had not taken the policies of life insurance. Neither defendant's bill nor that against Mastin was paid.

This statement of facts, without comment, should be enough to dispose of the case, but as counsel for appellee, evidently in good faith, urges the correctness of the judgment, and seems to think there was a defense, and the trial court established it as a legal defense, courtesy requires that some attention be paid to it.

A promise to take life insurance at some future time, and a failure to take it, when no application is made, accepted, or policy issued, does not create a cause of action. It is not shown that the Equitable Insurance Company ever had any knowledge whatever in regard to the transaction; not only was not damaged, but in no way connected with it.

It is a well settled rule of the law of agency that an agent to sell, unless specially authorized, cannot barter nor trade, but can only accept cash. Mastin was only a soliciting agent, and as such could only have been entitled to a commission after insurance was effected. It is not presumable that such commission absorbed the entire first annual payment of $180.80, so that he could apply it to the use of himself and friends. What his commissions would have been if the insurances had been consummated it not disclosed. There was no contract for insurance that any party could enforce. If there had been, it could only have been between the Insurance Company and plaintiffs, and no suit for damages for nonperformance, or as basis of defense, could be available to a soliciting agent or any one else without an assignment. How the defendant could avail himself of it as a defense is a legal conundrum.

The only privity shown to have existed was that defendant *was a friend* of the soliciting agent. It is not pretended that he had paid the Insurance Company, or its agent, for the clothing, or was under any legal obligation to pay. So far as appears, the clothing was to be gifts from the agent to the defendant and brother. It is apparent that such gener-

osity was to be either at the expense of the Insurance Company or plaintiffs.

The intention of the parties is clearly apparent. Aside from the want of legal sufficiency, the claim should have been rejected on the ground of public policy and morality. Courts should not countenance defenses that bear the brand of fraud so conspicuously.

In no legal aspect could the claim inure to the benefit of the defendant, and operate as a set-off or counterclaim, or as any defense whatever against the demand of the plaintiffs.

The judgment will be reversed and cause remanded, with instructions to enter judgment for the plaintiffs unless some other and legitimate defense is interposed.

*Reversed.*